**In the Matter of Scott L. WEBB.**

No. 48S00–0502–DI–54.

Supreme Court of Indiana.

Sept. 28, 2006.

*ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer appointed by this Court to hear evidence on the Disciplinary Commission's *Verified Complaint for Disciplinary Action*, we find that the respondent engaged in attorney misconduct.

**Facts:** On September 15, 1998, a client hired respondent to represent him in a criminal case. Respondent requested and received from the client's family $3,000 to hire a DNA expert. The receipt given by respondent's office contained the notation "on account of expert-DNA". Respondent did not deposit these funds in his trust account and did not hire an expert, but told the client's family that an expert had been hired. Respondent did consult with another attorney about the handling of a DNA case, but was billed only $575 for this consultation.

Later in the proceedings, respondent obtained a continuance of the scheduled trial claiming "defendant's retained expert for DNA analysis" recommended deposing certain State Police Lab personnel. Respondent testified that at the time, based upon the recommendation of his consultant/DNA expert he intended to depose the Lab personnel, but later changed his strategy. Respondent did not inform his client until the start of trial that no DNA expert had been retained. Respondent later informed the prosecutor and the client's post-conviction counsel that an expert had not been retained because the family could not afford to hire an expert. During the trial, the client's family paid an additional $1,000 to respondent that was not credited to the client's account. Finally, respondent stated to the Commission that there never was an agreement to use the $3,000 for hiring a DNA expert.

**Violations:** Respondent violated Ind. Professional Conduct Rule Prof.Cond.R. 1.15(a), which requires a lawyer to hold client funds entrusted to the lawyer separate from the lawyer's own property; Prof. Cond.R. 8.1(a), which prohibits a lawyer from making a false statement of material fact in connection with a disciplinary matter; Prof.Cond.R. 8.4(b), which prohibits a lawyer from committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; and Prof.Cond.R. 8.4(c), which prohibits a lawyer from engaging in conduct involving dishonesty, fraud, deceit or misrepresentation; and Prof.Cond.R. 1.4(b), which requires a lawyer to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

For the misconduct found herein, this Court suspends respondent from the practice of law, effective November 13, 2006, for a period of not less than twelve (12) months, after which respondent may petition this Court for reinstatement pursuant to Ind. Admission and Discipline Rule 23 § 4. However, respondent shall remain suspended until such time as he successfully demonstrates to the satisfaction of this Court that he meets all of the reinstatement requirements, including that he can be safely recommended to the public as a person fit to resume the practice of law.

Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward notice of this order to the respondent and his attorney; to the Indiana Supreme Court Disciplinary Commission, to the hearing officer, Jeffrey D. Todd, and to

all other entities as provided in Admis.Disc.R. 23(3)(d), and to post this Order on the Court's website for orders concerning final resolution of attorney disciplinary cases.

All Justices concur.